UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

CHARLES CAMPBELL, SR., et al.,    )
                                  )
              Plaintiffs,         )
                                  )
       v.                         )        Case No. 4:14CV01489 AGF
                                  )
ABB INC., et al.,                 )
                                  )
              Defendants.         )

## MEMORANDUM AND ORDER

Plaintiffs initially filed this action in the Circuit Court of St. Louis County,

Missouri, asserting that Plaintiff Charles Campbell, Sr., has contracted lung cancer as a

result of his exposure to asbestos over a 55 year period in different locations across the

country.  Defendants are all allegedly companies that have manufactured, distributed,

and/or sold asbestos or asbestos products to which Charles Campbell was exposed.  The

original complaint named 51 Defendants, though several have since been dismissed.

Two Defendants, Raypack, Inc. ("Raypack"), and Rheem Manufacturing Company

("Rheem"), now move to dismiss the cases against them under Federal Rule of Civil

Procedure 12(b)(6), or in the alternative, for a more definite statement under Rule 12(e).

For the reasons discussed below, Defendants' motions for a more definite statement will

be granted.

## BACKGROUND

Plaintiffs initiated this action on June 30, 2014, alleging that Charles Campbell

contracted lung cancer as a result of exposure to asbestos-containing products while

working for multiple employers in multiple locations in at least two different states between 1957 and 2012. Defendants are all alleged to be companies that have manufactured, distributed, and/or sold asbestos or asbestos products to which Charles Campbell was exposed. He brings state law claims of strict liability and negligence, and his wife claims loss of consortium. On July 28, 2014, one Defendant removed the case to this Court based upon federal officer jurisdiction pursuant to 28 U.S.C. §§ 1442(a)(1) & 1446. (Doc. No. 1.)

On November 24, 2014, Raypack filed a motion to dismiss the case under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Raypack contends that Plaintiffs' First Amended Petition fails to plead with sufficient particularity which of Raypack's product(s) Charles Campbell was exposed to, and when and where the exposure occurred. Rather, Raypack argues that the complaint "offers only 'labels and conclusions' and 'formulaic recitations' of the elements of causes of action," none of which specifically link Raypack or its products to Charles Campbell's lung cancer. Raypack asks that the case against it be dismissed, or that in the alternative, Plaintiffs be required to provide a more definite statement of their allegations against Raypack pursuant to Rule 12(e). On November 25, 2014, Rheem filed a motion to dismiss, or alternately for a more definite statement, raising nearly identical arguments to those raised by Raypack.

On December 1, 2014, Plaintiffs filed a response to Raypack's motion. Plaintiffs' response reiterates the general allegations contained in the amended complaint, that Defendants each produced asbestos-containing products which were the "direct and

proximate cause" of Charles Campbell's lung cancer, and argues that these allegations are sufficient to survive Defendants' motions to dismiss. Plaintiffs close by asking that should the Court find the complaint insufficient, it grant them leave to amend and cure any such defects.

## DISCUSSION

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). "Together these rules permit the court and the litigants to know, at the pleading stage, who is being sued and the grounds for same, thereby facilitating the just, speedy, and inexpensive determination of the action." *Bay Indus., Inc. v. Tru-Arx Mfg., LLC*, No. 06-C-1010, 2006 WL 3469599, at *1 (E.D. Wis. Nov. 29, 2006). "The decision to grant a motion for a more definite statement is left to the discretion of the court, as is the level of specificity the court may require if the motion is granted." *Id.*

The Court recognizes those authorities which hold that "Rule 12(e) provides a remedy for unintelligible pleadings; it is not intended to correct a claimed lack of detail," however, on occasion, the two concepts coalesce – a circumstance that the Court finds present here. *See Eisenach v. Miller-Dwan Med. Ctr.*, 162 F.R.D. 346, 349 (D. Minn. 1995) (citation omitted). Here, the amended complaint fails to identify any specific products manufactured by the moving Defendants, nor alleges in any fashion whatsoever the time, manner or degree of exposure Charles Campbell had to any products produced

by the moving Defendants.  This lack of information would force the moving Defendants to compare each of their products produced during a period greater than fifty years and guess which of them Charles Campbell had a chance of encountering.  *See Boggs v. Am. Optical Co.*, No. 4:14–CV–1434–CEJ, 2015 WL 300509, at *2 (E.D. Mo. Jan. 22, 2015) (dismissing an asbestos action as failing to plead with sufficient particularity because the complaint was a "shotgun pleading" in which the plaintiff asserted multiple causes of action against numerous defendants for actions over a 27-year period without alleging facts specific to individual defendants); *cf. Bay Indus., Inc.*, 2006 WL 3469599, at *2 (granting a motion for a more definite statement in a patent infringement case because the complaint's failure to identify a specific product forced the defendant to compare approximately 40 products in order to formulate a response).

While discovery may provide more insight into Plaintiffs' claims, foregoing competent pleading pending further discovery would be abandoning this Court's obligation to "administer" our procedures so as to discourage wasteful pretrial activities and "secure the just, speedy, and inexpensive determination of every action."  Fed. R. Civ. P. 1.  A more definite statement from Plaintiffs will focus the discovery process and expedite the disposition of this case in an economical manner.  *See Eisenach*, 162 F.R.D. at 349.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' motions for more definite statements are **GRANTED**.  (Doc. Nos. 154 & 161.)

**IT IS FURTHER ORDERED** that Plaintiffs shall have up to and including **March 25, 2015**, to file a second amended complaint setting forth any particular product(s) or class(es) of products manufactured, distributed, or sold by Defendants Rheem Manufacturing Company and Raypack, Inc., supporting Plaintiffs' claims against them.  Upon Plaintiffs' filing of the amended complaint in compliance with this Order, the Court shall deny Defendants' motions to dismiss for failure to state a claim as moot and without prejudice.  Plaintiffs' failure to comply with this Order shall result in the Court granting Defendants' motions to dismiss for failure to state a claim.

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 5th day of March, 2015.